Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150010735
Transaction ID: 0003163422
Filing Date: 12/17/2015 12:45:46 PM CST

## IN THE DISTRICT COURT FOR DOUGLAS COUNTY, NEBRASKA

SAOSITHA DENG,

             Plaintiff,

    vs.

TRANSAM TRUCKING, INC., and
TODD BORNING,

           Defendants.

CI: 15 –

**COMPLAINT and
JURY DEMAND**

COMES NOW the plaintiff, SAOSITHA DENG, and for his cause of action against this defendants, states and alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, SAOSITHA DENG, is a citizen and resident of the state of California.
2. Defendant, TRANSAM TRUCKING, INC. (hereinafter "TransAm"), is a Missouri "for profit" corporation, operating a fleet of tractors and trailers for purposes of over-the-road hauling.
3. Defendant, Todd Boring (hereinafter "Boring") is a citizen and resident of the State of Kansas.
4. The various negligent acts set forth in this Complaint occurred in the State of Nebraska.

### FACTUAL BACKGROUND

5. Defendant, TransAm is a common carrier, as defined by the U.S. Department of Transportation.
6. Defendant, TransAm is required at all times (including at the time of the 18 Wheeler Collision referenced herein), to comply with the Federal Motor Carrier Safety Regulations promulgated and adopted by the U.S. Department of Transportation.
7. Defendant, Boring was required at all times (including at the time of the 18 Wheeler Collision referenced herein), to comply with the Federal Motor Carrier Safety Regulations promulgated and adopted by the U.S. Department of Transportation.

8. Defendant, Boring was required to follow and adhere to all of the traffic laws and traffic regulations of the State of Nebraska at the time of the 18 Wheeler Collision referenced herein.

9. The 18 Wheeler Collision occurred on June 7, 2014 in Sarpy County, Nebraska.

10. At the time of the 18 Wheeler Collision, Defendant, Boring was driving a commercial truck pulling a commercial trailer (hereinafter collectively referred to as the "18 Wheeler").

11. At the time of the 18 Wheeler Collision, Defendant, Boring was in the course and scope of his employment with Defendant, TransAm.

12. In the time immediately prior to the 18 Wheeler Collision, Defendant, Boring was driving the 18 Wheeler in a private parking lot commonly used by truck drivers.

13. Immediately prior to the 18 Wheeler Collision, Plaintiff, Deng was physically present and getting ready to sleep in the sleeper berth of a semi-tractor.

14. Suddenly and without warning, Defendant, Boring drove the 18 Wheeler directly into the semi-tractor occupied by Plaintiff, Deng, resulting in a violent collision.

15. Plaintiff, Deng, who was in the sleeper berth of a semi-tractor at the time of the 18 Wheeler Collision, did nothing that caused or contributed to said Collision.

CLAIMS FOR RELIEF

Count I – Negligence (Defendant, Boring)

16. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

17. In connection with the 18 Wheeler Collision, Defendant, Boring's acts conduct and omissions constituted negligence and such negligence was a proximate cause of the 18 Wheeler Collision.  Specifically, Defendant, Boring was negligent in causing the 18 Wheeler Collision in one or more of the following ways:

   a. In operating the 18 Wheeler without devoting the time and attention to the operation of the 18 Wheeler that a person of ordinary prudence would have devoted under the same or similar circumstances;

   b. In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

2

c.   In failing to timely apply the brakes of the 18 Wheeler in order to avoid striking the semi-tractor occupied by Plaintiff, Deng;

d.   In driving the 18 Wheeler at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstance;

e.   In failing to maintain proper control of the 18 Wheeler;

f.   In driving the 18 Wheeler in a reckless manner;

g.   In driving the 18 Wheeler when not in an appropriate physical condition to do so;

h.   In failing to take proper evasive action to avoid the 18 Wheeler Collision;

i.   In failing to operate the 18 Wheeler in a safe and prudent manner given the traffic flow and conditions existing at the time;

j.   In failing to operate the 18 Wheeler in a reasonably prudent manner;

k.   In failing to follow and adhere to the traffic laws and traffic regulations of the State of Nebraska;

l.   In failing to follow and adhere to the Federal Motor Carrier Safety Regulations;

m.   In failing to follow and adhere to roadway signage;

n.   In violating § 28-306 of the Nebraska Penal Code;

o.   In violating § 60-6,131 of the Nebraska Transportation Code;

p.   In violating § 60-6,139 of the Nebraska Transportation Code;

q.   In violating § 60-6,142 of the Nebraska Transportation Code;

r.   In violating § 60-6,212 of the Nebraska Transportation Code;

s.   In violating § 60-6,213 of the Nebraska Transportation Code;

t.   In operating the 18 Wheeler when not qualified and competent to do so.

3

18. The negligence of Defendant, Boring as set forth and described above, was a proximate cause of The 18 Wheeler Collision.

19. The negligence of Defendant, Boring was a proximate cause of the personal injuries sustained by Plaintiff, Deng in the 18 Wheeler Collision.

### COUNT II – Exemplary Damages (Defendant, Boring)

20. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

21. The negligent acts and omissions of Defendant, Boring at the time of the 18 Wheeler Collision, as set forth and described herein, when viewed objectively from the standpoint of Defendant, Boring, involved an extreme degree of risk when considering the probability and magnitude of the potential harm to others and Defendant, Boring had actual subjective awareness of such risk but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others around him, including Plaintiff, Deng (hereinafter referred to as "Defendant, Boring's Conscious Indifference").

22. Defendant, Boring's Conscious Indifference mandates that exemplary damages be determined in a reasonable amount as an example to others, including other commercial truck drivers, and as a penalty and punishment for Defendant, Boring's conduct.   As a result, Plaintiff hereby formally sues for and seek the imposition of exemplary damages against Defendant, Boring.

### COUNT III – Agency & Respondeat Superior (Defendant, TransAm)

23. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

4

24. At the time of the 18 Wheeler Collision, Defendant, Boring was an employee of Defendant, TransAm and acting in the course and scope of such employment.

25. At the time of The 18 Wheeler Collision, Defendant, Boring had an understanding and agreement with Defendant, TransAm that Defendant, TransAm had the right to direct the details of his work and not merely the result to be accomplished.

26. At the time of The 18 Wheeler Collision, Defendant, Boring was acting in the furtherance of the business of Defendant, TransAm.

27. At the time of The 18 Wheeler Collision, Defendant, Boring was operating the 18 Wheeler under the authority and permission of the United States government under the liability of Defendant, TransAm.

28. At the time of The 18 Wheeler Collision, Defendant, Boring was operating the 18 Wheeler under the I.C.C. number and authority of Defendant, TransAm.

29. Defendant, TransAm is jointly and severally liable for damages that may be found to have been proximately caused in The 18 Wheeler Collision as a result of the negligence of Defendant, Boring.

30. Plaintiff seeks and specifically sues the Defendant, TransAm for a judgment that makes them jointly and severally liable for damages that may be found to have been proximately caused in The 18 Wheeler Collision as a result of the negligence of Defendant, Boring (i.e. Count I set forth herein).

COUNT IV – Negligence (Defendant, TransAm)

31. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

5

32. In connection with the 18 Wheeler Collision, Defendant, TransAm's acts, conduct and omissions constituted negligence and such negligence was a proximate cause of the 18 Wheeler Collision.   Specifically, Defendant, TransAm was negligent in causing the 18 Wheeler Collision in one or more of the following ways:

a.    In entrusting a commercial truck and trailer to Defendant, Boring that they knew or should have known that he was not properly qualified to safely operate.

b.    In entrusting a commercial truck and trailer to Defendant, Boring when they knew or should have known that Defendant, Boring was a reckless driver;

c.    In entrusting a commercial truck and trailer to Defendant, Boring when a prudent trucking company would not have done so;

d.    In entrusting a commercial truck and trailer to Defendant, Boring, in violation of the Federal Motor Carrier Safety Regulations;

e.    In hiring Defendant, Boring to be a commercial driver when they knew or should have known that Defendant Boring was not properly qualified to safely operate commercial vehicles;

f.    In hiring Defendant, Boring to be a commercial driver without doing a proper background check on him;

g.    In hiring Defendant, Boring to be a commercial driver in violation of the Federal Motor Carrier Safety Regulations;

h.    In continuing to allow Defendant, Boring to be a commercial driver after having reason to know that he was not operating the 18 Wheeler within the bounds of proper traffic laws and the Federal Motor Carrier Safety Regulations;

i.    In failing to properly and timely monitor and review the driving documentation of Defendant, Boring, including his log books;

j.    In failing to properly train Defendant, Boring in the safe operation of the 18 Wheeler;

k.    In failing to provide proper, adequate and on-going safety instruction to Defendant, Boring regarding the safe operation of the 18 Wheeler; and

6

I.    In violating the Federal Motor Carrier Safety Regulations in the training and safety instruction to Defendant, Boring.

33. The negligence of Defendant, TransAm was a proximate cause of the 18 Wheeler Collision, and the injuries to Plaintiff, Deng – for which Plaintiff hereby formally sues and seeks recovery.

COUNT V – Exemplary Damages (Defendant, TransAm)

34. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

35. The negligent acts and omissions of Defendant, TransAm at the time of the 18 Wheeler Collision, as set forth and described herein, when viewed objectively from the standpoint of Defendant, TransAm, involved an extreme degree of risk when considering the probability and magnitude of the potential harm to others and Defendant, TransAm had actual subjective awareness of such risk but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, including Plaintiff, Deng.   (collectively referred to as "Defendant, TransAm's Conscious Indifference").

36. The Defendant, TransAm's Conscious Indifference mandates that exemplary damages be determined in a reasonable amount as an example to others, including other commercial trucking companies, and as a penalty and punishment for Defendant, TransAm.   As a result, Plaintiff hereby formally sues for and seeks the imposition of exemplary damages against Defendant, TransAm.

7

DAMAGES

37. **Actual Damages**.  The unlawful acts and practices described above are and were a producing and proximate cause of the serious and disabling injuries suffered by Plaintiff, Deng.  As a result, Plaintiff seeks a judgment against all Defendants, joint and several, for all actual damages available under Nebraska law (or any other applicable law), including, without limitation:

   a. Past medical expenses in an amount to be determined at trial, but believed to be in excess of $320,000.00;

   b. Future medical expense in an amount to be determined at trial;

   c. Lost wages in an amount to be determined at trial, but believed to be in excess of $10,000.00;

   d. Loss of Earning Capacity; and

   e. Physical pain, mental suffering, loss of enjoyment of life and inconvenience, past, present and future.

38. **Exemplary Damages – Defendant, TransAm:**      Plaintiff seeks the imposition of exemplary damages against Defendant, TransAm in an amount determined by a jury of their peers to be a fair and reasonable penalty and punishment against Defendant, TransAm for their conduct, as set forth herein, after such jury as considered (a) the nature of the wrongs conducted by Defendant, TransAm, (b) the character of the conduct involved, (c) the degree of culpability of Defendant, TransAm, (d) the situation and sensibilities of the parties involved in this lawsuit; (e) the extent to which the conduct of Defendant, TransAm offends the public sense of justice and propriety and (f) the net worth of the Defendant, TransAm.

8

39. **Exemplary Damages – Defendant, Boring:**   Plaintiff seeks the imposition of exemplary damages against Defendant, Boring in an amount determined by a jury of his peers to be a fair and reasonable penalty and punishment against Defendant, Boring for his conduct, as set forth herein, after such jury has considered (a) the nature of the wrongs conducted by Defendant, Boring (b) the character of the conduct involved, (c) the degree of culpability of Defendant, Boring; (d) the situation and sensibilities of the parties involved in this lawsuit; (e) the extent to which Defendant, Boring's conduct offends the public sense of justice and propriety and (f) the net worth of Defendant, Boring.

40. **Court Costs:**   Plaintiff seeks recovery from all Defendants of all court costs and litigation expenses incurred in the handling of this lawsuit.

41. **Interest – pre-judgment:** Plaintiff seeks recovery from all Defendants of the appropriate prejudgment interest, statutory and equitable, on all amounts awarded and judged against the Defendants in this case; and

42. **Interest – post judgment:** Plaintiff seeks recovery from all Defendants of the appropriate post judgment interest, statutory and equitable, on all amounts awarded and judged against the Defendants in this case.

43. All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

## DEMAND FOR JURY TRIAL

44. Plaintiff demands a trial by jury on all issues so triable.

9

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendants be cited to appear and answer, and that the Court set the case for jury trial, and that judgment be entered against the Defendants, jointly and severally, for the damages set forth herein above; for pre-judgment and post-judgment interest and costs of suit; and for such other and further relief to which Plaintiff may be justly entitled.

DATED this 17th day of December, 2015.

SAOSITHA DENG, Plaintiff


By: s/Jason G. Ausman
    Jason G. Ausman, #22261
    AUSMAN LAW FIRM PC LLO
    1015 N. 98th St., Ste. 102
    Omaha, NE  68114
    (402) 933-8140 (telephone)
    (402) 718-9423 (facsimile)
    Attorneys for Plaintiff

10

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150010735
Transaction ID: 0003163422
Filing Date: 12/17/2015 12:45:46 PM CST

IN THE DISTRICT COURT FOR DOUGLAS COUNTY, NEBRASKA

SAOSITHA DENG,

            Plaintiff,

    vs.

TRANSAM TRUCKING, INC., and
TODD BORING,

            Defendants.

CI:  15 –

**PRAECIPE**

Please issue a summons for service by **certified mail,** for service in the above-entitled cause, returnable as provided by law, to the Defendant, Todd Borning:

    Todd Boring
    905 Randall Road
    Lawrence, KS  66049

DATED this 17th day of December, 2015.

                    SAOSITHA DENG, Plaintiff

              By: s/Jason G. Ausman
                 Jason G. Ausman, #22261
                 AUSMAN LAW FIRM PC LLO
                 1015 N. 98th St., Ste. 102
                 Omaha, NE  68114
                 (402) 933-8140 (telephone)
                 (402) 718-9423 (facsimile)
                 Attorneys for Plaintiff

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150010735
Transaction ID: 0003163422
Filing Date: 12/17/2015 12:45:46 PM CST

IN THE DISTRICT COURT FOR DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| SAOSITHA DENG, | CI:  15 – |
| Plaintiff, | |
| vs. | **PRAECIPE** |
| TRANSAM TRUCKING, INC., and TODD BORING, | |
| Defendants. | |

Please issue a summons for service by **certified mail,** for service in the above-entitled cause, returnable as provided by law, to the registered agent of Defendant, TransAm Trucking, Inc:

SBLSG REGISTERED AGENT, LLC
9300 West 110th St., Ste. 200
Overland Park, KS  66212

DATED this 17th day of December, 2015.

SAOSITHA DENG, Plaintiff

By: s/Jason G. Ausman
Jason G. Ausman, #22261
AUSMAN LAW FIRM PC LLO
1015 N. 98th St., Ste. 102
Omaha, NE  68114
(402) 933-8140 (telephone)
(402) 718-9423 (facsimile)
Attorneys for Plaintiff

| Image ID:<br>D00359452D01 | **SUMMONS** | Doc. No.   359452 |
|---|---|---|

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
                    1701 Farnam
                    Omaha              NE 68183


Saositha Deng v. TransAm Trucking, Inc.

                                        Case ID: CI 15    10735


TO:  Todd Boring

                                        **FILED BY**
                                        Clerk of the Douglas District Court
                                        12/17/2015

You have been sued by the following plaintiff(s):

     Saositha Deng




Plaintiff's Attorney:    Jason G Ausman
Address:                 1015 N. 98th St., Ste 102
                         Omaha, NE 68114

Telephone:               (402) 933-8140

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  DECEMBER 17, 2015    BY THE COURT:  _John M. Friend_
                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

          Todd Boring
          905 Randall Road
          Lawrence, KS 66049

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

| Image ID:      | **SUMMONS** |              |
| D00359454D01   |             | Doc. No.   359454 |

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
            1701 Farnam
            Omaha                  NE 68183


Saositha Deng v. TransAm Trucking, Inc.

                                        Case ID: CI 15    10735


TO:  TransAm Trucking, Inc.

                                        **FILED BY**
                                 Clerk of the Douglas District Court
                                            12/17/2015

You have been sued by the following plaintiff(s):

    Saositha Deng




Plaintiff's Attorney:    Jason G Ausman
Address:                 1015 N. 98th St., Ste 102
                         Omaha, NE 68114

Telephone:               (402) 933-8140

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  DECEMBER 17, 2015     BY THE COURT:  _John M. Friend_
                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

         TransAm Trucking, Inc.
         SBLSG, Reg Agent
         9300 West 110th St, Ste 200
         Overland Park, KS 66212

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150010735
Transaction ID: 0003192768
Filing Date: 12/28/2015 12:38:07 PM CST

**SERVICE RETURN**

Doc. No.   359452

Douglas District Court
1701 Farnam
Omaha                    NE 68183

To:
Case ID: CI 15   10735 Saositha Deng v. TransAm Trucking, Inc.

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _William Boring_ ☐ Agent  ☐ Addressee<br>B. Received by *(Printed Name)*  C. Date of Delivery<br>Wm. Boring   12/22/5<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☑ No |
| 1. Article Addressed to:<br><br>Todd Boring<br>905 Randall Road<br>Lawrence, KS 66049 | |
| | 3. Service Type<br>☑ Certified Mail®  ☐ Priority Mail Express™<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ Collect on Delivery<br>4. Restricted Delivery? *(Extra Fee)*  ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)*  7014 2120 0001 5819 6586 | |

PS Form 3811, July 2013          Domestic Return Receipt

**CERTIFIED MAIL**
**PROOF OF SERVICE**

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _Todd Boring_

At the following address: _905 Randall Road_
_Lawrence, Kansas  66049_

on the _17th_ day of _December_ _2015_ as required by Nebraska state law.

Postage $ _6.925_   Attorney for: _Plaintiff_

The return receipt for mailing to the party was signed on _December 22, 2015_

To: Todd Boring
    905 Randall Road

    Lawrence, KS 66049

From: Jason G Ausman
      1015 N. 98th St., Ste 102
      Omaha, NE 68114

# ATTACH RETURN RECEIPT & RETURN TO COURT

# Certificate of Service

I hereby certify that on Monday, December 28, 2015 I provided a true and correct copy of the Return-Summons/Alias Summons to the following:

Boring,Todd, service method: No Service

TransAm Trucking, Inc. service method: No Service

Signature: /s/ Jason Ausman (Bar Number: 22261)

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150010735
Transaction ID: 0003211962
Filing Date: 01/04/2016 08:47:22 AM CST

SERVICE RETURN

Doc. No.    359454

Douglas District Court
1701 Farnam
Omaha              NE 68183

To:
Case ID: CI 15    10735 Saositha Deng v. TransAm Trucking, Inc.

Received this Summons on _____    . I hereby certify that on

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  Item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

TRANS AM Trucking, Inc.
SBLSG, registered Agent
9300 West 110th St, Ste 200
Overland Park, KS 66217

2. Article Number
   (Transfer from service label)    7014 2120 0001 5819 6593

PS Form 3811, July 2013         Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☑ Agent  ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
Claire Major                      12-29-15
D. Is delivery address different from Item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail®    ☐ Priority Mail Express™
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ Collect on Delivery
4. Restricted Delivery? (Extra Fee)  ☐ Yes

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: Trans Am Trucking, Inc.

At the following address: SBLSG, Registered Agent, LLC
9300 West 110th St, Ste 200
Overland Park, Kansas 66217

on the 17th day of December 2015, as required by Nebraska state law.

Postage $ 6.925    Attorney for: _____ Plaintiff

The return receipt for mailing to the party was signed on 12/29 15.

To: TransAm Trucking, Inc.        From: Jason G Ausman
    SBLSG, Reg Agent                    1015 N. 98th St., Ste 102
    9300 West 110th St, Ste 200         Omaha, NE 68114
    Overland Park, KS 66212

# ATTACH RETURN RECEIPT & RETURN TO COURT

# Certificate of Service

I hereby certify that on Monday, January 04, 2016 I provided a true and correct copy of the Return-Summons/Alias Summons to the following:

TransAm Trucking, Inc. service method: No Service

Boring,Todd, service method: No Service

Signature: /s/ Jason Ausman (Bar Number: 22261)